**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CONTROLLED SEMICONDUCTOR,**
**INC., and JON W. HEYL,**

        **Plaintiffs,**

**-vs-**           Case No. 6:07-cv-1742-Orl-31KRS

**CONTROL SYSTEMATION, INC., and**
**GREGORY ANDERSON,**

        **Defendants.**

_____

**CONTROL SYSTEMATION, INC. and**
**GREGORY B. ANDERSON,**

        **Counter Claimants,**

**-vs-**

**CONTROLLED SEMICONDUCTOR,**
**INC., and JON W. HEYL,**

        **Counter Defendants.**

_____

# ORDER

This matter comes before the Court on the Motion to Dismiss Counterclaim (Doc. 22) filed by the Plaintiffs/Counterclaim Defendants Controlled Semiconductor, Inc. ("Consemi") and Jon W. Heyl ("Heyl") and the response (Doc. 24) filed by the Defendants/Counterclaimants Control Systemation, Inc. ("Systemation") and Gregory B. Anderson ("Anderson").

In its counterclaim (Doc. 15 at 9-12), Systemation contends that Consemi and Heyl have infringed United States Patent No. 7,271,012, which it denominates as the "Anderson Patent".

Systemation asserts two different bases for this allegation.  First, it contends that Consemi and Heyl "have substantively admitted in their Complaint in this action that their 'FATcat' failure analysis tool embodies, incorporates, consists of and uses the invention described and claimed in the Anderson patent" and thus the manufacture, use and sale of that tool infringes the patent. (Doc. 15 at 10).  However, in both the counterclaim and the response to the motion to dismiss, Systemation fails to identify the relevant passages or explain how they might constitute admissions.

Systemation also alleges, on information and belief, that Consemi and Heyl are infringing by

> supplying or causing to be supplied in or from the United States all or a substantial portion of the components of the invention of the Anderson Patent, where such components are uncombined in whole or in part, in such manner as to actively induce the combination of such components outside of the United States in a manner that would infringe the Anderson Patent if such combination occurred within the United States, without authority from counterclaimant.

(Doc. 15 at 11).  The Counterclaimants do not identify the components at issue or explain whether this allegation relies upon the alleged admissions or something else.

The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  All the rules require is a "short and plain statement of the claim" that will give the defendant fair notice of what the claim is and the grounds upon which it rests. Fed.R.Civ.P. 12(b)(6).  It is not entirely clear what this rule requires in the context of a patent case. In *Phonometics, Inc. v. Hospitality Franchise Systems, Inc.*, 203 F.3d 790 (11th Cir. 2000), the court upheld a complaint that alleged ownership of the patent, named each individual defendant, cited the patent that was allegedly infringed, described the means by which the defendant allegedly

infringed, and pointed to the specific sections of the patent law invoked. *Id.* at 794. The court did not hold, however, that these allegations were the baseline for a successful infringement claim. Thus, a counterclaim lacking one or more of these categories of information could conceivably satisfy Rule 12(b)(6).

In the instant case, the counterclaim falls short of the complaint in *Phonometrics* in at least two ways. First, it does not point, at least explicitly, to the specific sections of the patent law that are being invoked. In this case, however, that is a minor matter, which should not hamper the Plaintiff's ability to respond to the counterclaim or the Court's ability to assess it. However, the Counterclaimants have also failed to adequately describe the means by which the Plaintiffs allegedly infringed the Anderson Patent. The Counterclaimants have not alleged that the Plaintiffs' product actually infringes their patent. Instead, the sole basis for their claim of infringement is the alleged admission (or admissions) to this effect by the Plaintiffs. In this unusual circumstance, the Court finds that the Counterclaimants must identify the alleged admission(s) with greater specificity to permit the Plaintiffs to intelligently respond to the counterclaim and this Court to properly assess its adequacy. As the second counterclaim allegation – *i.e.*, the one involving infringement by way of extraterritorial combination – also appears to rest upon the alleged admission(s), the entire counterclaim will be dismissed.

In consideration of the foregoing, it is hereby **ORDERED AND ADJUDGED** that the Motion to Dismiss Counterclaim (Doc. 22) is **GRANTED**, and the Counterclaim is **DISMISSED WITHOUT PREJUDICE**.  The Defendants may file an amended counterclaim on or before January 4, 2008.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on December 18, 2007.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party