**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CONTROLLED SEMICONDUCTOR,**
**INC., and JON W. HEYL,**

    **Plaintiffs/Counter Defendants,**

-vs-                                                        Case No. 6:07-cv-1742-Orl-31KRS

**CONTROL SYSTEMATION, INC., and**
**GREGORY ANDERSON,**

    **Defendants/Counter Plaintiffs.**

## ORDER

This matter comes before the Court on the Motion for Summary Judgment (34) filed by Defendant/Counterclaimant Control Laser Corporation d/b/a Control Systemation, Inc. ("CSI"), the response (Doc. 47), filed by the Plaintiffs/Counterdefendants, Controlled Semiconductor, Inc. ("ConSemi") and Jon W. Heyl ("Heyl"), and the reply (Doc. 53) filed by CSI.

**Background**

CSI holds U.S. Patent No. 7,271,012 B2 (the "CSI Patent"), which covers a method and system for exposing the circuitry of an electronic device, such as an integrated circuit, by using a laser to ablate the material encapsulating it, such as a mold compound. (When such an electronic device fails, the removal of this material makes it easier to inspect the circuitry and determine the cause of the failure.) Anderson, the president of CSI, is listed on the CSI Patent as the inventor. Heyl, a former vice president with CSI and now the president of ConSemi, contends that he

invented the method and system embodied in the CSI Patent, not Anderson. ConSemi, sells a laser failure analysis tool, known as "FATcat".

On October 26, 2007, Heyl and ConSemi filed suit in state court, seeking a declaration that Heyl should be named the sole inventor on the CSI Patent, contending that Anderson and CSI had been unjustly enriched by improperly patenting and exploiting Heyl's invention, and accusing Anderson and CSI of misappropriating Heyl's trade secrets. (Doc. 2). The Defendants removed the case to his Court on November 1, 2007. CSI also filed a counterclaim, alleging that the Plaintiffs were infringing the CSI Patent by selling the FATcat. Anderson and CSI now seek summary judgment as to Heyl's claim of prior inventorship and CSI's patent infringement counterclaim.

**Inventorship**

There is a presumption that the inventors named on the patent are correct, so nonjoinder of inventors must be proven by clear and convincing evidence. *Univ. of Colo. Found. v. Am. Cyanamid Co.*, 342 F.3d 1298, 1308 (Fed. Cir. 2003). Proof of prior invention requires corroborating evidence of conception of the invention. *Stern v. Trustees of Columbia Univ.*, 434 F.3d 1375, 1378 (Fed. Cir. 2006). A purported inventor's testimony cannot, standing alone, provide clear and convincing evidence of inventorship. *Caterpillar, Inc. v. Sturman Industries, Inc.*, 387 F.3d 1358, 1377 (Fed. Cir. 2004).

Anderson filed his application for what would become the CSI Patent in July of 2003. Heyl provides an affidavit (Doc. 49-2) in which he states that he conceived of and refined his invention while he "was associated with" three companies – PCAutomation Systems, Reis Robotics USA, and Sonoscan – prior to going to work for CSI. Heyl does not identify any of the dates when this

alleged conception or refinement occurred. Based on *Caterpillar*, this testimony alone is insufficient to establish inventorship.

In his affidavit, Heyl also contends that he "authored a document" entitled "Laser-Based Failure Analysis, including Decapsulation, Cross-Sectioning, and Material Characterization" in or about December 2002, and that he presented the paper at "the Sematech Assembly Analytical Forum in October 2003." (Doc. 49-2 at 2-3). Although Heyl did not attach this document to his affidavit, a copy was provided by the Defendants along with their motion. (Doc. 35-12). The document is also undated, although there is a handwritten notation of "2002/2003" in the upper right corner of the first page. (Doc. 35-12 at 2). However, the document references an item apparently published in 2003, making it unlikely to have been written in 2002. (Doc. 35-12 at 8). The document includes Heyl's name as author, but there is no indication that it was presented at the Sematech Forum or anywhere else.

Heyl also attaches copies of e-mail correspondence to Anderson that, according to him, demonstrate his inventorship of the failure analysis system and the fact that he presented it at the Sematech Forum in October 2003. (Doc. 49-2 at 4). However, Heyl does not explain how the e-mail correspondence demonstrates any of these things, and the Court, after reviewing the correspondence, does not see it. The e-mails, which are mostly gibberish, are dated after July 2003 (when Anderson filed the patent application), and make vague allusions to an (unspecified) patent and to Heyl preparing to present an (unspecified) paper to the "SEMATECH 'Roadmap to Assembly and Analytical' forum." These e-mails and the "Laser-Based Failure Analysis, including Decapsulation, Cross-Sectioning, and Material Characterization" paper are not enough

to provide corroboration for Heyl's claim of having invented the method and system claimed by the CSI Patent prior to July 2003.

**Infringement**

Claim 1 of the CSI Patent is directed to

> 1. A method for exposing a structure encapsulated with a material, comprising:
>
> generating a laser beam;
>
> directing the laser beam onto the structure encapsulated with the material;
>
> providing at least one reflective paddle actuated by a high-speed galvanometer motor to accomplish the directing step; and
>
> ablating the material with the laser beam so as to expose at least an underlying portion of the structure without damaging the underlying portion.

In the Complaint, the Plaintiffs allege that Heyl is the inventor of the method described above and the system for implementing it and admit that ConSemi's failure analysis tool – FATcat – "consists of [Heyl's] aforementioned invention". (Doc. 2 at 3, 6). In essence, then, Heyl admits infringement of the CSI Patent in the Complaint. In the response, the Plaintiffs spend a great deal of time defending themselves from the infringement allegation by arguing the CSI Patent is invalid due to alleged irregularities in its prosecution history. However, the Plaintiffs never pled this argument as a defense to the counterclaim, and therefore cannot raise it now. 35 U.S.C. § 282.

Heyl does make one substantive response to the infringement counterclaim. In his affidavit, he contends that the laser mechanism claimed in the CSI Patent "is different from that contemplated in my invention (i.e., is less effective) and is not the same laser mechanism that is

utilized in the FATcat." (Doc. 49-2 at 4). However, Heyl offers no explanation as to how the laser mechanisms differ, or how this alleged difference renders the FATcat non-infringing. As such, his statement that the mechanisms are "different" does not aid the Plaintiffs.

**Conclusion**

Heyl's evidence of prior inventorship, even when viewed in the light most favorable to the Plaintiffs, falls far short of the "clear and convincing" standard it must meet if it is to corroborate his claim. And the claims of improprieties during prosecution of the patent and that the FATcat's laser mechanism is "different" do not undercut the admissions in the Complaint that Heyl and ConSemi are infringing. Accordingly, it is hereby

**ORDERED** that the Motion for Summary Judgment (34) filed by Defendant-Counterclaimant Control Laser Corporation d/b/a Control Systemation, Inc. ("CSI") is **GRANTED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on August 27, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party