# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

CONTROLLED SEMICONDUCTOR,
INC., and JON W. HEYL,

             **Plaintiffs/Counter Defendants,**

-vs-                                  **Case No.  6:07-cv-1742-Orl-31KRS**

CONTROL SYSTEMATION, INC., and
GREGORY ANDERSON,

             **Defendants/Counter Plaintiffs.**

_____

# ORDER

This matter comes before the Court on the Motion for Reconsideration (Doc. 62) filed by the Plaintiffs, Controlled Semiconductor ("ConSemi") and Jon W. Heyl ("Heyl").  The Plaintiffs seek reconsideration of this Court's order (Doc. 59) (the "Order") of August 27, 2008, granting partial summary judgment in favor of the Defendants, Control Systemation, Inc. ("CSI") and Gregory Anderson ("Anderson") on two issues:  ConSemi's inventorship claim and CSI's patent infringement counterclaim.

## I.      Background

CSI holds U.S. Patent No. 7,271,012 B2 (the "CSI Patent"), which covers a method and system for exposing the circuitry of an electronic device.  Anderson, the president of CSI, is listed on the CSI Patent as the inventor.  Heyl, a former vice president with CSI and now the president of ConSemi, contends that he invented the method and system embodied in the CSI Patent, not Anderson.  ConSemi sells a laser failure analysis tool known as "FATcat".

In October 2007, Heyl and ConSemi filed suit in state court, seeking among other things a declaration that Heyl should be named the sole inventor on the CSI Patent.  The Defendants removed the case to this Court and filed a counterclaim, alleging that the Plaintiffs were infringing the CSI Patent by selling the FATcat.  Subsequently, CSI sought partial summary judgment as to Heyl's claim of prior inventorship and its own patent infringement counterclaim.  (Doc. 34).

On August 27, 2008, this Court found that Heyl's evidence of prior inventorship, even when viewed in the light most favorable to the Plaintiffs, did not meet the "clear and convincing" standard required to overcome the legal presumption that the inventor named on a patent is correct. (Doc. 59 at 2-4).  The Court also found that the Plaintiffs had effectively admitted infringement in the Complaint.  (Doc. 59 at 4-5).  Accordingly, the Court granted CSI's motion for partial summary judgment as to both inventorship and infringement.

## II.    Legal standard

The federal rules do not specifically provide for the filing of a "motion for reconsideration."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992).  However, it is widely recognized that Rule 59(e) encompasses motions for reconsideration.  11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE 2D § 2810.1 (2007).  In the interests of finality and conservation of scarce judicial resources, reconsideration  is an extraordinary remedy, to be employed sparingly.  *U.S. v. Bailey*, 288 F.Supp.2d 1261, 1267 (M.D.Fla. 2003).  A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim.

*Union Planters Nat. Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982).[1]  The decision to

alter or amend a judgment is committed to the sound discretion of the district court.  *O'Neal v.*

*Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992).

      Appropriate circumstances for reconsideration include situations in which the Court has

obviously misapprehended a party's position, the facts, or mistakenly has decided an issue not

presented for determination.  *Anderson v. United Auto Workers*, 738 F.Supp.441, (D.Kan. 1990).

Generally speaking, the authorities recognize four basic grounds upon which a Rule 59(e) motion

may be granted.

> First, the movant may demonstrate that the motion is necessary to correct manifest
> errors of law or fact upon which the judgment is based.  Second, the motion may be
> granted so that the moving party may present newly discovered or previously
> unavailable evidence.  Third, the motion will be granted if necessary to prevent
> manifest injustice.  Serious misconduct of counsel may justify relief under this
> theory.  Fourth, a Rule 59(e) motion may be justified by an intervening change in
> controlling law.

11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane,  FEDERAL PRACTICE &

PROCEDURE 2D § 2810.1 (2007).

      Parties cannot use a Rule 59(e) motion to relitigate old matters, *Michael Linet, Inc. v.*

*Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005), or to raise new legal arguments

which could and should have been made during the pendency of the underlying motion,  *Sanderlin*

*v. Seminole Tribe of Florida*, 243 F.3d 1282, 1292 (11th Cir. 2001).  Where a party attempts to

introduce previously unsubmitted evidence in support of a motion to reconsider, the party must

---

      [1]In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the United States
Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former
Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981.

make some showing that the evidence previously was unavailable. *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997) (citing, *inter alia, Engelhard Indus. v. Research Instrumental Corp.*, 324 F.2d 347, 352 (9th Cir. 1963), *cert. denied*, 377 U.S. 923, 84 S.Ct. 1220, 12 L.Ed.2d 215 (1964)). To avoid repetitive arguments on issues already considered fully by the court, rules governing reargument are narrowly construed and strictly applied. *St. Paul Fire & Marine Ins. Co. v. Heath Fielding Ins. Broking Ltd.*, 976 F.Supp. 198 (S.D.N.Y. 1996).

After summary judgment has been granted, the court has even more reason for refusing to allow amendment. *Union Planters Nat. Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982). "Then, the concerns of finality in litigation become more compelling, and the litigant has had the benefit of a day in court, in some fashion, on the merits of his claim." *Id.* (citing *Dussouy v. Gulf Coast Investment Corp.*, 660 F.2d 594, 598 n.2 (5th Cir. 1981)).

## III. Analysis

The Plaintiffs' argument for overturning the Order rests on three bases. First, they point out that on September 2, 2008, almost a week after the Court entered the Order, they filed an amended answer (Doc. 61) responding to new counterclaims raised by CSI in an amended pleading filed on August 19, 2008 (Doc. 58). The Plaintiffs' answer to this amended pleading included seven new affirmative defenses, four of which attacked the validity of the CSI Patent. In their newly added ninth through thirteenth affirmative defenses, the Plaintiffs argue that the CSI Patent is invalid due to inequitable conduct during prosecution of the patent application, obviousness, anticipation, and a lack of enablement, respectively. The Plaintiffs now seek to use these four affirmative defenses (henceforth, the "Validity Defenses") as a shield against this Court's conclusion that they were infringing.

CSI's patent infringement counterclaim has been pending since December 2007  (Doc. 29), and the Plaintiffs filed an answer to it (Doc. 32) in January of this year.  The Validity Defenses are not relevant to CSI's new counterclaims, which consist of state law claims such as false advertising and slander.  The Plaintiffs offer no explanation for their failure to raise the Validity Defenses in their original answer to the patent infringement counterclaim, and they never sought permission to amend that answer to add the Validity Defenses.[2]  (The deadline for amendments passed on February 8, 2008.  (Doc. 31 at 1).)   Moreover, the patent infringement counterclaim had *already been resolved against them* before the Plaintiffs filed the Validity Defenses which they now seek to raise.  Calling the Validity Defenses "untimely" is a profound understatement.

The Plaintiffs also seek to rely on the expert report of Robert K. Lowry ("Lowry"), an engineer, who opines that the CSI Patent is invalid due to anticipation and obviousness, the basis for two of the four Validity Defenses.  As those defenses were never properly pled, Lowry's expert opinion in support of them is not relevant.  Moreover, Lowry was never disclosed to CSI as an expert or a potential witness, and the Plaintiffs missed the deadline for disclosing Lowry's expert report by almost a month, without explanation.

Finally, the Plaintiffs point to the deposition testimony of Defendant Anderson, which they contend demonstrates the existence of a genuine issue of material fact in regard to Heyl's inventorship claim.[3]  According to the Plaintiffs, the pertinent portions of the deposition revolve

---

[2]In contrast, CSI sought and received permission to amend its answer to add the new counterclaims, which were based on letters published by the Plaintiffs after CSI filed its previous answer.

[3]Of course, the argument that Anderson should be named as the inventor on the CSI Patent is fundamentally incompatible with several of the other arguments the Plaintiffs advance in this

around e-mail correspondence between Anderson and Heyl in which Heyl states that "this was my idea". (Doc. 62 at 23).[4] But the Plaintiffs took Anderson's deposition on July 31, nearly a month prior to the entry of the Order, and again they offer no explanation for their failure to bring it to the Court's attention in a timely fashion. Moreover, even if one were to credit the Plaintiffs' description of Anderson's testimony, and if one were to assume that the "idea"for which Heyl claims credit in the email is the invention that is the subject of the CSI Patent, Anderson's testimony would not be enough to raise a genuine issue of material fact as to inventorship. As a matter of law, a party trying to overcome the presumption that the inventor named on a patent is correct must offer something more than the testimony of the purported inventor. As described by the Plaintiffs, Anderson's deposition does not corroborate Heyl's claim, it merely reiterates it.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Reconsideration (Doc. 62) is **DENIED**.[5]

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 1, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

motion – *e.g.*, that the CSI Patent is invalid due to obviousness or anticipation by prior art.

[4]The testimony has been designated "confidential" by the Defendants, and therefore the Court has not been able to review it. The Plaintiffs have moved for leave to file excerpts of the testimony under seal (Doc. 63), but that motion remains pending.

[5]In their response to the motion, the Defendants seek to have the Court strike the Validity Defenses and prevent Lowry from offering his opinion. Such issues should be raised by way of a formal motion, which provides the opposing party an opportunity to respond. The Court therefore will not address those issues in this order.

Copies furnished to:

Counsel of Record
Unrepresented Party